UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BAVARIAN AUTO RECYCLING, INC., a California corporation; BRYCE EAGLE, an individual; BRETT FRIEND, an individual; NELSON PARKER, an individual,<br><br>        Defendants. | No. CIV. S-11-3371 LKK/KJN<br><br>**ORDER** |

    Attorney M. Taylor Florence and the law firm of Locke Lord LLP have filed a motion to withdraw as counsel for the defendants herein - corporate defendant Bavarian Auto Recycling, Inc. and individual defendants Bryce Eagle, Brett Friend, and Nelson Parker.

    Plaintiff initially sued defendants under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*. The parties eventually stipulated to a settlement and to dismissal of this

1

action. In their stipulation, the parties requested that the court retain jurisdiction until September 30, 2014 in order to resolve any disputes that might arise under the settlement agreement. The court entered the parties' proposed order on June 20, 2012. (ECF No. 14.)

Local Rule 182(d) governs withdrawal as attorney of record:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Defendants' counsel has met the first three requirements of the Local Rule, by filing the instant motion, by providing a supporting declaration of notice to plaintiff and its clients, and by including defendants' current address in the declaration. (Decl. Florence ¶¶ 2, 3, ECF No. 15-1.) Counsel also provided its clients with notice that the corporate defendant would be required to retain counsel.[1] (Id. ¶ 4.)

---

[1] Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

2

Plaintiff's counsel has filed a Notice of Non-Opposition to the withdrawal. (ECF No. 16.) To date, none of the defendants has filed an objection with the court.

What remains is to verify that defendants' counsel has complied with California Rule of Professional Conduct 3-700. According to counsel, "[t]he specific facts which give rise to this motion are confidential and are required to be kept confidential pursuant to California Business and Professions Code § 6068(e), Rule 3-100(A), California Rules of Professional Conduct, and by the attorney-client privilege . . . ." (Motion 3, ECF No. 15.) Counsel requests that, if the court finds it necessary to ascertain the underlying facts, that it be permitted to provide this information *in camera*.

The court requires more information in order to determine whether permissive withdrawal under Rule 3-700(C) is warranted.

Accordingly, the court hereby orders as follows:

[1] Defendants' counsel is DIRECTED to furnish the court with any declarations and/or supporting evidence that it believes necessary to substantiate its claim that permissive withdrawal as counsel is warranted ("Documents"). Defendants' counsel is further DIRECTED to provide the defendants with copies of this order and the Documents. Defendants' counsel is to e-mail the Documents, and proof of service on its clients, to Courtroom Deputy Ana Rivas at arivas@caed.uscourts.gov no later than twenty-one (21) days after docketing of this order. The court will maintain the Documents under seal.

3

[2] The hearing on the motion to withdraw, currently set for December 9, 2013 at 10:00 a.m., is VACATED. After reviewing the Documents, the court will set a hearing if it wishes to hear from counsel in person; otherwise, the motion will be decided on the papers.

IT IS SO ORDERED.

DATED:   December 3, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4