UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BAVARIAN AUTO RECYCLING, INC., a California corporation; BRYCE EAGLE, an individual; BRETT FRIEND, an individual; NELSON PARKER, an individual,<br><br>        Defendants. | No. CIV. S-11-3371 LKK/KJN<br><br>**ORDER** |

    Attorney M. Taylor Florence and the law firm of Locke Lord LLP have filed a motion to withdraw as counsel for the defendants herein - corporate defendant Bavarian Auto Recycling, Inc. and individual defendants Bryce Eagle, Brett Friend, and Nelson Parker.

    Plaintiff initially sued defendants under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*. The parties eventually stipulated to a settlement and to dismissal of this

1

action. In their stipulation, the parties requested that the court retain jurisdiction until September 30, 2014 in order to resolve any disputes that might arise under the settlement agreement. The court entered the parties' proposed order on June 20, 2012. (ECF No. 14.)

Local Rule 182(d) governs withdrawal as attorney of record:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Defendants' counsel has met the first three requirements of the Local Rule, by filing the instant motion, by providing a supporting declaration of notice to plaintiff and its clients, and by including defendants' current address in the declaration. (Decl. Florence ¶¶ 2, 3, ECF No. 15-1.) Counsel also provided its clients with notice that the corporate defendant would be required to retain counsel.[1] (Id. ¶ 4.)

---

[1] Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

2

Plaintiff's counsel has filed a Notice of Non-Opposition to the withdrawal. (ECF No. 16.) To date, none of the defendants has filed an objection with the court.

What remains is to verify that defendants' counsel has complied with California Rule of Professional Conduct 3-700(C) ("Permissive Withdrawal"). By order dated December 3, 2013, the court directed counsel to file "any declarations and/or supporting evidence that it believes necessary to substantiate its claim that permissive withdrawal as counsel is warranted," and to provide defendants with copies of this evidence and the court's order.

On December 17, 2013, attorney Florence filed a declaration in support of the motion, as well as a proof of service on defendants of the relevant documents. (ECF Nos. 18, 19.) Having reviewed the declaration, the court finds that permissive withdrawal as counsel under California Rule of Professional Conduct 3-700(C) is warranted.

In light of the foregoing, the court hereby orders as follows:

[1] M. Taylor Florence and the law firm of Locke Lord LLP's motion to be relieved as defendants' counsel is GRANTED.

[2] M. Taylor Florence and the law firm of Locke Lord LLP are DIRECTED to serve each defendant with a copy of this order within three (3) days of its docketing and, immediately thereafter, to file a proof of service with the court.

1     [3] Each of defendants Bryce Eagle, Brett Friend, and Nelson
2     Parker is DIRECTED to notify the Clerk of the Court as to
3     the identity of his new attorney or else his intent to
4     proceed *in propria persona* within thirty (30) days of
5     service of this order.

7     [4] Defendant Bavarian Auto Recycling, Inc. is DIRECTED to
8     notify the Clerk of the Court as to the identity of its new
9     attorney within thirty (30) days of service of this order.
10    IT IS SO ORDERED.
11    DATED: January 9, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4